21 F.3d 1122
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Phillip Anthony HARVIN, Defendant-Appellant.
 No. 93-6339.
 United States Court of Appeals, Tenth Circuit.
 April 15, 1994.
 
 Before TACHA, BRORBY, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 Defendant-Appellant, Phillip Harvin, shot Bryan Hamill twice in the head during the commission of a brutal carjacking. Hamill, who was left by the side of the road bleeding from the two wounds, remains without hearing in his right ear, and suffers from vertigo and other problems as a result of his injuries.
 
 
 3
 Harvin pled guilty to attempted murder, in violation of 18 U.S.C. 113(a); possession of a firearm in the commission of a violent felony, in violation of 18 U.S.C. 924(c)(1); and carjacking, in violation of 18 U.S.C. 2119. At sentencing, the district court increased the base offense levels for the attempted murder and carjacking counts by four and six points, respectively, for inflicting "permanent or life-threatening injury" to Mr. Hamill. U.S.S.G. 2A2.1(b)(1)(A) and 2B3.1(b)(3)(C). The district court found as a matter of fact that Mr. Hamill's hearing loss should be considered permanent as of the time of the sentencing and that the vertigo was a permanent injury. In addition, the district court found that two gunshots inflicted to the head at point-blank range constituted "life-threatening injury."
 
 
 4
 On appeal, Harvin complains that the district court's conclusions were clearly erroneous because of a lack of medical evidence and a lack of evidence suggesting that Hamill's injuries were permanent. Harvin points to evidence that Hamill's hearing loss might be partially correctable in the future as proof that Hamill's injuries were not "permanent." Harvin also argues that the district court made an error of law by concluding that the permanence of the victim's injuries should be determined by the victim's condition at sentencing.
 
 
 5
 We conclude that the district court was not clearly erroneous in its conclusion that the two gunshots to the head, delivered almost at contact range, constituted a "life-threatening injury." The district court had ample evidence to reach this conclusion. Because the finding that the injury was life-threatening is enough to support the offense level increases, U.S.S.G. 2A2.1(b)(1)(A) and 2B3.1(b)(3)(C), there is no need to review the district court's findings on the permanence issue.
 
 
 6
 The district court's sentence is accordingly AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470